**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| GOOD SPORTSMAN MARKETING, LLC, a Texas limited liability company, and<br><br>IP HOLDINGS, INC., a Texas corporation,<br><br>    Plaintiffs,<br><br>        vs.<br><br>LI & FUNG LIMITED, a Hong Kong corporation; and<br><br>LI & FUNG (BVI) LIMITED, a British Virgin Islands limited liability company; and<br><br>TOY ISLAND (USA) INC., a Delaware corporation; and<br>TOY ISLAND MANUFACTURING COMPANY, LIMITED, a Delaware corporation,<br><br>    Defendants. | Case No.    6:07CV395 |

**DEFENDANT LI & FUNG LTD.'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12 (b)(2)</u>**

Li & Fung Limited ("Li & Fung"), by its undersigned attorneys, hereby submits this Reply Memorandum of Law in Support of its Motion to Dismiss for lack of personal jurisdiction.

## I.  PRELIMINARY STATEMENT

Plaintiffs' Good Sportsman Marketing, LLC and IP Holdings, Inc.'s (collectively "Plaintiffs") applied the wrong law in their Opposition to Defendant Li & Fung Ltd.'s Motion to Dismiss ("Opposition" or "Opp."). Contrary to their argument, Li & Fung need not demonstrate that there is no issue of genuine material fact in dispute. Rather, Plaintiffs bear the burden of showing that Li & Fung is subject to personal jurisdiction in Texas. Plaintiffs have completely failed to meet this burden and, as a result, the Court should dismiss Li & Fung from this case.

The conclusory allegations in the complaint fail to meet Plaintiff's *prima facie* burden to show personal jurisdiction. Plaintiffs have not submitted any affidavits or other form of admissible evidence sufficient to controvert the facts set forth in the Declaration of Jacob Fisch submitted in support of Li & Fung's Motion to Dismiss (the "Fisch Declaration" or "Fisch Dec.") or show that Li & Fung has sufficient minimum contacts with Texas to find personal jurisdiction. Rather, Plaintiffs rely on: (1) conclusory allegations in the complaint (2) wild attorney speculation and (3) alleged omissions from a declaration to support tenuous and far-fetched theories of "vicarious" liability and inducement.[1]

As set forth in the accompanying Declaration of Jacob Fisch in Further Support of Li & Fung's Motion to Dismiss ("Reply Declaration" or "Reply Dec."), Li & Fung does not dispute that two of its subsidiaries were directly involved in the manufacture, distribution, marketing and sale of the products at issue. In fact, one of Li & Fung's subsidiaries, specifically, Toy Island

---

[1] Plaintiffs' theory of vicarious liability appears to be based on a theory of alter ego. Opp. at 3-4. Because the case law uses the term "alter ego" when evaluating whether a parent company is liable for the acts of its subsidiaries, Li & Fung will uses that term interchangeably with vicarious liability.

USA has appeared in this case by filing an answer. However, Li & Fung denies that it is subject to personal jurisdiction here based on Plaintiffs' unsubstantiated alter ego and inducement theories of liability.

## II.   PLAINTIFFS HAVE APPLIED THE WRONG LEGAL STANDARD

Plaintiffs cite two Delaware district court cases to support their argument that this Court should convert Li & Fung's motion to dismiss for lack of personal jurisdiction into one for summary judgment.[2] Opp. at 6-7. These non-binding Delaware cases are based on Federal Rule 12(b)(6), and not on a motion for lack of personal jurisdiction under Rule 12(b)(2).[3] Although Rule 12(b) allows the Court to convert motions filed under subsection (6) into motions for summary judgment, when such motions refer to matters outside of the pleadings, it does not so provide for motions filed under subsection (2). Fed. R. Civ. P. 12. Accordingly, Plaintiffs' claim that Li & Fung, as the moving party, bears the burden of showing that there is no genuine issue of material fact in dispute as to personal jurisdiction is wrong. Opp. at 6-7.

### A. The Proper Legal Standard is A *Prima Facie* Case.

As set forth in Li & Fung's opening brief, this Court must apply Federal Circuit law when determining whether personal jurisdiction may be exercised over an out-of-state defendant. *See Hildebrand v. Steck Mfg., Co. Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002). Procedural questions, which are not unique to patent law, are governed by the law of the regional circuit. *Panduit Corp. v. All States Plastic Mfg., Co. Inc.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984);

---

[2] *Ethypharm v. Bentley Pharm., Inc.* 388 F. Supp.2d 426, 430 (D. Del. 2005); *Manchak v. Rollins Env't Servs., Inc.*, 1996 WL 790100 (D. Del. 1996). Plaintiffs' Opposition is replete with citations to cases in non-binding jurisdictions, such as the Third Circuit, Delaware, Illinois and Connecticut. Accordingly, the authority supporting Plaintiffs' arguments is not binding on this Court.

[3] *Ethypharm* involved a motion to dismiss for failure to join an indispensible party under Rule 19(a) and (b) and to dismiss various common law counts (under 12(b)(6)) on the grounds of preemption. 388 F. Supp.2d at 428. Similarly, *Manchak* was not a motion to dismiss for lack of personal jurisdiction (because both defendants were Delaware corporations), but rather one under 12(b)(6) for failure to state a claim upon which relief could be granted. 1996 WL 790100 at * 1.

*Jacobs Chuck Mfg. Co. v. Shandong Weida Machinery Co., Ltd*., 2005 WL 3299718, at *2 (E.D. Tex. 2005). Because the burden of proof on a motion to dismiss is procedural and not unique to patent law, Fifth Circuit law applies.[4]

In the Fifth Circuit, a district court may decide a motion to dismiss without holding an evidentiary hearing. *Alpine View Co. Ltd. v. Altas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). The Court may determine the jurisdictional issue by receiving "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). "If the parties have not conducted jurisdictional discovery, a plaintiff only needs to make a *prima facie* showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff." *Advanced Biological Labs. SA v. Ameripath, Inc.*, 2008 WL 1757819, at *2 (E.D. Tex. 2008); *see Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). However, "[o]nce a movant challenges a court's jurisdiction over him, the party asserting jurisdiction bears the burden to show the movant has minimum contacts with the forum state to support jurisdiction over the movant. *Advanced Biological Labs,* 2008 WL 1757819 at *2; *see Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001). A plaintiff's *prima facie* showing, sufficient to defeat a jurisdiction testing motion, must include an averment of facts that, if credited would suffice to establish jurisdiction over the defendants. *United Galvanizing Inc. v. Imperial Zinc Corp.*, 2008 WL 4746334, at *6 (S.D. Tex. 2008). Plaintiffs has failed to meet this burden.

---

[4] Because the Federal Circuit appears to mirror the Fifth Circuit's law, Li & Fung includes citations to both where applicable.

### B. Plaintiffs Have Not Met Their *Prima Facie* Burden.

#### 1. The Court Need Not Accept As True Plaintiffs' Conclusory Allegations.

The Court is not obligated to accept as true conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).[5] Plaintiffs had to allege plausible facts to support personal jurisdiction. They failed to do so.

Plaintiffs indiscriminately assert general and conclusory allegations of jurisdiction and infringement against all four defendants. Specifically their complaint alleges:

- This Court has personal jurisdiction over Defendants because they have *purposefully shipped* and sold their infringing products … into the Eastern District of Texas, and are otherwise *engaged in substantial and regular business* in the Eastern District of Texas. Complaint ¶3.

- Defendants have *infringed and contributed to and induced the infringement directly and indirectly*...Complaint ¶21.

- Upon information and belief, Defendant *Li & Fung is the active moving force behind the wrongful actions of* Defendants ... Complaint ¶26.

(emphasis added).[6] These allegations are mere assertions and/or legal conclusions and do not show that Li & Fung has any "continuous or systemic" contacts with Texas or "purposefully availed" itself of the privilege of doing business there. *Brandywine*, 253 F.3d at 869.

These allegations are insufficient to show the relationship between Li & Fung and its subsidiaries is improper to warrant piercing the corporate veil. *United Galvanizing,* 2008 WL 4746334 at *6 (conclusory allegations regarding defendant's manufacture of accused product

---

[5] Most recently in *Ashcroft v. Iqbal*, the United States Supreme Court reconfirmed the importance of raising the pleading standard required to survive a motion to dismiss that was first articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). *Ashcroft*, 129 S.Ct. 1937 (2009). The *Iqbol* Court held that it need not accept as true "mere assertions" or "mere legal conclusions" when deciding a motion to dismiss 129 S.Ct. at 1952. The Court also held that a complaint must state a "plausible claim" and not one that is "merely possible." *Id.* Applying the holding in *Iqbol* to the present facts, Plaintiffs' complaint contains mere assertions and legal conclusions and fails to allege plausible facts that would show personal jurisdiction over Li & Fung.

[6] See also Complaint ¶¶10-12 (alleging that Li & Fung, as the parent company of its wholly owned subsidiaries, "is the active moving force behind" the subsidiaries' actions).

and sale through agent insufficient for alter ego jurisdiction); *Seitz v. Envirotech Sys. Worldwide, Inc.*, 513 F. Supp.2d 855 (S.D. Tex. 2007)(general allegations of infringing sales conclusory and insufficient to sustain jurisdiction under alter ego theory); *Thomas v. Trico Prods. Corp.*, 2006 WL 801506 at *4-5(S.D. Tex. 2006)( allegations that that the parent company provided 401(k) benefits to subsidiary's employees insufficient to support alter ego jurisdiction).

Even if the Court disregards Plaintiffs' conclusory allegations and construes the allegations in the light most favorable to Plaintiffs, they are insufficient to show personal jurisdiction because Li & Fung controverted them.

### 2. Li & Fung Has Controverted Plaintiffs' Conclusory Allegations.

In support of its moving papers, Li & Fung introduced evidence, namely a sworn statement from Jacob Fisch, who has personal knowledge of the facts, that Li & Fung has no contacts with the State of Texas.[7] In stark contrast to this admissible evidence, Plaintiffs offer no evidence to support jurisdiction, but only attorney argument. As previously noted, when jurisdiction is challenged, the party asserting jurisdiction bears the burden to show the movant has minimum contacts with the forum. *Advanced Biological Labs.*, 2008 WL 1757819 at *2. *United Galvanizing Inc.,* 2008 WL 4746334 at *6.

### 3. There Is No Evidence Showing Li & Fung Is Liable for Its Subsidiaries' Actions.

Plaintiffs now assert there is personal jurisdiction over Li & Fung based on vicarious liability or inducement. Opp. at 8-9. However, the only factual support for this theory is Plaintiffs' strained interpretation of Li & Fung's 2007 Annual Report ("2007 Report") and

---

[7] Specifically, Mr. Fisch testified that Li & Fung is a holding company that does not engage in commercial activities, does not manufacture, market, sell, distribute or license any products (let alone the accused product) anywhere in the world, and, among other things does not own real estate, have any bank accounts or assets in Texas. Fisch Dec. ¶¶ 3 and 6-11. See also, Reply Dec.

alleged "omissions" from the Fisch Declaration.[8]  For the reasons set forth below, neither is sufficient to conclude that this Court has personal jurisdiction over Li & Fung.

### a. The Annual Report Is Insufficient To Pierce the Corporate Veil.

Plaintiffs rely on select excerpts from the 2007 Report and try to attribute the activities of its subsidiaries to it based on corporate relationship alone.  Opp. at 4-6.  As explained in the Reply Declaration, Li & Fung files an annual report on behalf of itself and all of its direct and indirect subsidiaries in which it refers to its companies collectively in the report as "the Group."  Reply Dec. at ¶11.  The annual report contains consolidated financial reports as well as basic descriptions of the Group's operations and finances and functions merely as a summary for investors the general activities, products and services of the Group.  *Id*. at ¶¶12 and 14.  The annual report is not intended to specify which entities create, develop, distribute or market specific products or in which territories.  *Id*. at ¶12.  Most importantly, and noticeably absent from the 2007 Report, is any contact by the four named defendants with the State of Texas.  *Id*. at ¶13, Ex. A.

The Fifth Circuit has held that filings such as the 2007 Report, which merely show a corporate relationship, are insufficient to establish personal jurisdiction over a parent company based on an alter ego theory alone.  *Freudensprung v. Offshore Tech. Servc.*, 379 F.3d 327 (5th Cir. 2004).  Like Plaintiffs here, the plaintiff in *Freudensprung* tried to establish personal jurisdiction over the defendant through the continuous and systemic acts of one of its related companies, namely its parent.  379 F.3d at 345.  In support of this theory, the plaintiff cited to references made in the parent's SEC filings to "the Company" and the "Group" and tried to convince the court to pierce the corporate veil.  The Court refused, citing the well-established

---

[8] As explained in Section B.1. *supra*, the conclusory allegations of the complaint are insufficient on their face to sustain personal jurisdiction under an alter ego theory.  So too are the arguments raised in Plaintiffs' Opposition.

rule that "the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Id*. at 346, *citing Cannon Mfg. Co. v. Cudahy Packing, Co.*, 267 U.S. 333, 335 (1925).

Based on the reasoning in *Freundensprung*, the 2007 Report, which shows a relationship between Li & Fung and the other named defendants is insufficient to show personal jurisdiction under an alter ego theory. Further, as set forth below, Plaintiffs have failed to rebut the presumption of corporate independence with any evidence – let alone "clear evidence" as required by the Fifth Circuit.

### b. Li & Fung Observes All Required Corporate Formalities.

Plaintiffs claim that the Fisch Declaration fails to address whether Li & Fung has minimum contacts with Texas for contributory or inducing infringement by one or more of its subsidiaries. Opp. at 1-2. In the Reply Declaration, however, Mr. Fisch has addressed these alleged deficiencies. Mr. Fisch states that Li & Fung was not responsible for the sourcing, distribution or retail sales of the accused product. Reply Dec. at ¶20. He testified that Toy Island Manufacturing Company Ltd. is the entity that had the accused products manufactured and identified Toy Island USA, Inc. as the entity that arranges for the distribution of Toy Island's products to retailers in the United States and receives revenues from their manufacture, distribution and sale. *Id*. at ¶¶15-17. Mr. Fisch also testified that Li & Fung is separate and independent from the other three named defendants, that its subsidiaries have independent management teams and Li & Fung does not exercise any management control, or day-to-day control, over either of the Toy Island defendants. *Id*. at ¶¶5-10 and ¶18.

The District Court for the Northern District of Texas has, on at least two occasions, determined when presented with similar facts, that there were insufficient facts to pierce the

corporate veil for jurisdictional purposes.  *Primesource Building Prods. Inc. v. Phillips Screw Co.*, 2008 WL 779906, at *6 (N.D. Tex. 2008)(declining to exercise personal jurisdiction where corporate formalities observed); see also *Nutrition Physiology Corp. V. Enviros Ltd.*, 87 F. Supp.2d 648, 657 (N.D. Tex. 2000)(declining to exercise jurisdiction over parent even though the court had jurisdiction over its wholly owned subsidiary and several officers and directors overlapped).  Based on the foregoing, there is no basis for the Court to disregard Li & Fung's corporate form and pierce the corporate veil.

### c. There Is No Support For Personal Jurisdiction Under An Inducement Theory.

Plaintiffs conflate the issue of liability and personal jurisdiction in the Opposition.  The only issue before the Court is whether Li & Fung has sufficient contacts with Texas to confer personal jurisdiction.  Plaintiffs appear to assert a theory of specific jurisdiction based on a theory of inducement.  Inducement, however, is a question of liability and the Court must have personal jurisdiction over a defendant before it can decide the issue of liability.  Nevertheless, Plaintiffs' own complaint fails to allege personal jurisdiction based on a theory of inducement.

In the complaint Plaintiffs allege "[u]pon information and belief, Li & Fung is the active force behind the wrongful actions of Defendants . . . ."  Complaint ¶26.  There are no facts that show that Li & Fung knowingly induced any infringement or possessed specific intent to encourage its subsidiaries' alleged infringement as required under 35 U.S.C. § 271(b).  *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002).  Plaintiffs' complaint is thus insufficient to sustain their *prima facie* burden of establishing specific jurisdiction through inducement.  See *Brandywine*, 253 F.3d at 869 (finding conclusory allegations "on information and belief" insufficient to confer specific jurisdiction).  Additionally, Li & Fung has controverted Plaintiffs' allegations in two declarations.

Plaintiffs reliance on *Manchak*, *Insituform Tech., Inc. v. CAT Contracting, Inc.,* 385 F. 3d 1360 (Fed. Cir. 2004), and *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silican Corp.*, 420 F.3d 1369 (Fed Cir. 2005), to support their argument that a parent corporation may be liable for the acts of its subsidiaries "regardless of whether it is the subsidiary's alter ego" is misplaced. Opp. at 9-11. **None** of these cases challenged personal jurisdiction, but rather involved questions of liability. *Manchak,* a Delaware district court decision, concerned a 12(b)(6) motion for failure to state a claim. 1996 WL 790100; see *supra*, n. 3 (noting that the defendants were both Delaware corporations). The defendants in *Manchak* argued they, as a holding companies, did not engage in business activities related to the patent – thus, as a matter of law, they could not be liable for the acts of their subsidiaries. *Id.* at *1. In *Insituform*, the Federal Circuit held that is was not an abuse of discretion to add a corporate officer as a defendant in his individual capacity for inducement. 385 F.3d at 1375. In *MEMC*, the Federal Circuit affirmed a denial of summary judgment because there were issues of fact as to whether the defendant had "actively induced" infringement. 420 F.3d at 1379. Here, Plaintiffs have failed to allege any facts in their Opposition or in the complaint, which if true, would lead to a finding of infringement by inducement. Accordingly, none of these cases are instructive on the issue of personal jurisdiction before this Court.

### III.   IT IS WELL WITHIN THIS COURT'S DISCRETION TO DENY JURISDICTIONAL DISCOVERY

This Court has discretion to deny Plaintiffs' request for jurisdictional discovery. *Freudensprung*, 379 F.3d at 347 (finding matters related to discovery within the discretion of the district court). "'[A] plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case,' but must make a *prima facie* showing **with some competent evidence demonstrating that personal jurisdiction might exist** over a defendant in order to be entitled to jurisdictional discovery.'" *United Galvanizing Inc.,* 2008 WL 4746334 at *11.

- 9 -

Plaintiffs have failed to plead, with particularity, facts sufficient to find general or specific jurisdiction over Li & Fung or to set forth any competent evidence demonstrating that personal jurisdiction might exist over Li & Fung under either alter ego or inducement theories.[9] Instead, Plaintiffs attempt to retroactively create a *prima facie* showing of jurisdiction by claiming they are entitled to discovery because the Fisch Declaration makes "uncorroborated and incomplete factual contentions that it is merely a holding company." Opp. at 7-8. As explained above, Plaintiffs bear the *prima facie* burden of establishing personal jurisdiction and they should not be permitted to conduct a retroactive fishing expedition for discovery[10] to come up with a basis of jurisdiction which they have not plead.[11]

## IV.     CONCLUSION

For the foregoing reasons, Defendant Li & Fung Ltd. respectfully requests that the complaint against it in this action be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

---

[9] Further, it would be unfair to Li & Fung to have to bear the additional expenses of discovery and a second motion to dismiss for lack of jurisdiction. Had Plaintiffs deemed it necessary, they should have requested such from the Court prior to filing their Opposition. They did not and should not now be allowed to fix their deficiencies.

[10] In the event that this Court elects to grant Plaintiffs' request for jurisdictional discovery, Li & Fung respectfully request that it be limited to 10 written interrogatories.

[11] The only reason Plaintiffs seek discovery is because they doubt the veracity of Li & Fung's sworn declarations. Accordingly, in the event this Court elects to grant Plaintiffs' request for discovery and Li & Fung subsequently prevails on a motion to dismiss for lack of personal jurisdiction, Li & Fung respectfully requests that the Court grant it its costs and attorneys' fees.

| | |
|---|---|
| Dated: June 4, 2009 | Respectfully submitted,<br><br>RAMEY & FLOCK<br><br>By: __/s/ *Deron R. Dacus*_____<br>Tracy Crawford<br>State Bar No. 05024000<br>Deron R. Dacus<br>State Bar No. 00790553<br>100 East Ferguson, Suite 500<br>Tyler, Texas 75702<br>Telephone:  (903) 597-3301<br>Facsimile:   (903) 597-2413 |
| OF COUNSEL:<br>SALANS LLP<br><br>Lora A. Moffatt<br>Alison G. Naidech<br>620 Fifth Avenue<br>Rockefeller Center<br>New York, New York 10020<br>Telephone:  (212) 632-5500<br>Facsimile:   (212) 632-5555 | |

## CERTIFICATE OF SERVICE

I hereby certify that this 4th day of June, 2009, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

               __/s/ *Deron R. Dacus*_____
               Deron R. Dacus