IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| GOOD SPORTSMAN MARKETING LLC, et al. § § § § § § § | § § NO. 6:07-cv-395 § § |
| vs. | |
| LI & FUNG LIMITED, et al. | |

**ORDER**

On September 23, 2009, the Court denied without prejudice Defendants Li & Fung Ltd. and Li & Fung (BVI) Ltd.'s ("the Li & Fung entities") motions to dismiss for lack of personal jurisdiction (Doc. No. 61). The Court ordered the parties to conduct jurisdictional discovery within 60 days of entry of that order. The Court instructed Defendants to renew their motions to dismiss within 10 days of jurisdictional discovery being completed. Jurisdictional discovery closed on November 23, 2009. Defendants deadline for renewing their motions followed ten days later. Neither party filed any further jurisdictional briefing with the Court prior to those deadlines. The parties also failed to submit agreed Discovery and Docket Control Orders by the Court's October 6, 2009, deadline. On January 7, 2010, the Court ordered Plaintiffs Good Sportsman Marketing, LLC, and IP Holdings, Inc. ("Plaintiffs") to show cause why the case should not be dismissed (Doc. No. 62).

Responding to the order to show cause, Plaintiffs explained deadlines had lapsed while the parties were engaged in settlement negotiations (Doc. No. 63). These negotiations broke down in November 2009, and Plaintiffs' counsel contacted Defendants' counsel to propose agreed Discovery and Docket Control Orders. Defendants' counsel rejected Plaintiff's proposal but failed to prove an alternative. Plaintiffs now moves the Court to enter their proposed orders, which include new

deadlines of March 26, 2010, for conducting jurisdictional discovery and April 5, 2010, for renewing the Li & Fung entities' motions (Doc. No. 63-4).

In opposition to Plaintiffs' motion, Defendant Toy Island (USA) Inc. ("Toy Island") stated Plaintiffs failed to conduct jurisdictional discovery or to move for an extension of the November deadline (Doc. No. 66). Toy Island opposed the incorporation of new jurisdictional discovery deadlines into the Docket Control Order and requested scheduling of claim construction briefing. Toy Island also indicated that the Li & Fung entities intended to renew their motions to dismiss.

Plaintiffs have failed to take advantage of the opportunity to conduct jurisdictional discovery. The Li & Fung entities have likewise failed to present the jurisdictional issue for resolution pursuant to the Court's deadline. To allow Plaintiffs yet another sixty-three days to conduct jurisdictional discovery and Defendants yet another opportunity to renew their jurisdictional motion would threaten the Court's trial setting. The jurisdictional issue has been unanswered for too long. Accordingly, if the Li & Fung entities intend to renew their motions, the Court **ORDERS** these motions renewed by February 2, 2010. The Court **ORDERS** Plaintiffs to file their response, if any, by February 12, 2010. Extensions will not be available.

The Court **GRANTS-IN-PART** Plaintiff's motion (Doc. No. 63) for entry of Discovery and Docket Control Orders.

**So ORDERED and SIGNED this 22nd day of January, 2010.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE