IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GOOD SPORTSMAN MARKETING LLC, et al. | § § § | |
| v. | § § | No. 6:07-cv-395 |
| LI & FUNG LIMITED, et al. | § § | |

## MEMORANDUM OPINION & ORDER

This claim construction opinion construes the claim of U.S. Patent No. D498,322 ("the '322 Patent"). Plaintiffs Good Sportsman Marketing, LLC and IP Holdings, Inc. ("Plaintiffs") provided an opening claim construction brief (Doc. No. 86). Defendant Toy Island (USA), Inc. ("Defendant") submitted a responsive brief (Doc. No. 87). On June 17, 2010, the Court held a claim construction hearing (Doc. No. 90). For the reasons set forth herein, the Court hereby adopts the claim construction outlined below.

## OVERVIEW OF THE PATENT

The '322 Patent, entitled "Clip Light," claims "[t]he ornamental design for the clip light, as shown." The '322 Patent includes one figure. Generally, the figure depicts a clip light comprising a clip, a flexible wire, a battery housing, a light, and an on/off switch.

## LEGAL STANDARD

A design patent is fundamentally different from a utility patent, but in some areas, the law pertaining to each overlaps. For example, although the respective tests for infringement are different, both types of patents require the district courts to conduct claim construction proceedings. *Egyptian Goddess Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (en banc) (citing *O2 Micro Int'l Ltd.*

*v. Beyond Innovation Tech.*, 521 F.3d 1351 (Fed. Cir. 2008) (utility patents); *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) (design patents)).

A design patent protects the novel, non-functional aspects of a claimed ornamental design. *OddzOn Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). The figures in a design patent not only comprise the bulk of the disclosure, but also set forth the limits of the claim. *See Hupp v. Siroflex of America, Inc.*, 122 F.3d 1456, 1464 (Fed. Cir. 1997) (holding "[a] design patent contains no written description; the drawings are the claims to the patented subject matter"). Design patents have almost no scope because they are limited to what is depicted in the drawings. *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988).

In September 2008, the Federal Circuit issued an opinion in *Egyptian Goddess*, setting forth new rules for both claim construction and infringement analysis in design patent cases. With respect to claim construction, the Federal Circuit noted that, although trial courts have had a duty to conduct claim construction in design patent cases, no particular form has been prescribed. 543 F.3d at 679. Thus, although trial courts in such cases have generally issued detailed verbal descriptions of the claimed designs, the Federal Circuit has never required such constructions. *Id.* Noting the difficulties involved in describing a design verbally, the Federal Circuit held "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Id.* Attempting a verbal construction risks placing "undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole." *Id.* at 679-80. Further, the court noted:

> While it may be unwise to attempt a full description of the claimed design, a court may find it helpful to point out . . . various features of the claimed design as they relate to the accused design and the prior art . . . . [A] trial court can usefully guide the finder of fact by addressing a number of other issues that bear on the scope of the claim. Those include such matters as describing the role of particular conventions in design patent drafting, such as the role of broken lines; assessing and describing the effect of any representations that may have been made in the course of the prosecution history; and distinguishing between those features of the claimed design that are ornamental and those that are purely functional.

*Id.* (internal citations and quotations omitted). Finally, the Court added that a trial court's "decision to issue a relatively detailed claim construction will not be reversible error" absent a showing of prejudice because "the level of detail to be used in describing the claimed design is a matter within the court's discretion." *Id.* at 679.

Ordinarily, functional aspects of a design cannot be claimed. *OddzOn*, 122 F.3d at 1405 (stating "[w]here a design contains both function and non-function elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent"). Functional design elements can be claimed, however, when they serve a primarily ornamental purpose, *e.g.*, in circumstances where there are several ways to achieve the underlying function. *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993). Resolving "[w]hether a patented design is a functional or ornamental is a question of fact." *PHG Techs., LLC v. St. John Cos.*, 469 F.3d 1361, 1365 (Fed. Cir. 2006).

## **DISCUSSION**

None of the parties ask the Court for an extensive verbal description of the '322 Patent claim. Plaintiffs propose "an ornamental design for a clip light as shown in Figure 1 of the picture." PLS.' BR. at 3. Defendant, arguing several elements of the design are purely functional, proposes "the

ornamental design for a clip-on book light. Such design does not include the clip, the headlamp, the on-off switch, or the flexible wire. Furthermore, the '322 Patent excludes those surfaces of a clip light not depicted in the drawings." DEF.'S RESP. at 11. Plaintiffs argues Defendant's proposal improperly factors out nearly every aspect of the design. *See* PLS.' BR. at EX. B (removing each "functional element" until no components are left). In its responsive brief, Defendant does not dispute the consequence of its construction. Moreover, during the claim construction hearing, Defendant indicated it intends to file a motion for summary of invalidity if its construction is adopted.

The parties' dispute turns on their readings of the Federal Circuit's recent decision, *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288 (Fed. Cir. 2010). The parties appear to agree that, under *Richardson*, functional elements are wholly eliminated from the claimed design, ultimately sparing few if any components. *See* DEF.'S RESP. at 11 (proposing a claim construction excluding the clip, headlamp, on-off switch, or wire); PLS.' BR. at EX. B (likewise "factoring out" elements Defendant alleges are functional). Plaintiffs argue this result creates a "point of ornamentality" approach and urges the Court to reject it to the extent it conflicts with *Egyptian Goddess*. PLS.' BR. at 4-10. Defendant responds this argument was rejected by the Federal Circuit when it denied Richardson's petition for a rehearing *en banc*. DEF.'S RESP. at 1-2; *see also* DEF.'S RESP. at 8-9 n.5 (arguing *Richardson* is consistent with *Egyptian Goddess*).

A review of the district court's construction, and the Federal Circuit's affirmance of it, demonstrates the parties misread *Richardson*. The *Richardson* design patent depicted a "demolition tool" that compromised a handle, hammer-head, jaw, and crowbar. *See* U.S. Patent. No. D562,101. The district court found "[t]he *overall configuration* of these four elements is dictated by the

functional purpose of the tool and therefore is not protected by [Richardson's] design patent." 610 F. Supp. 2d 1046, 1050 (D. Az. 2009) (emphasis added). The court did not, however, eliminate from the patent the handle, hammer-head, jaw, or crowbar. On the contrary, the court held the patent included ornamental qualities including "the standard shape of the hammer-head, the diamond shaped flare of the crow-bar and the top of the jaw, the rounded neck, the orientation of the crowbar relative to the head of the tool, and the plain, undecorated handle." *Id.* The court also recognized that, although the teeth of the jaw were functional, "the particular number and size of teeth can be altered without adversely affecting that function and thus Richardson's choice in those respects can reasonably be said to be dictated by ornamental considerations." *Id.* at 1050-51. On appeal, the Federal Circuit affirmed this construction, likewise observing function dictated the *configuration* of the tool. 597 F.3d at 1294 (observing the relative locations of the jaw, hammer-head, crowbar, and handle were dictated by function). Like the district court, the Federal Circuit did not completely eliminate those components from the claimed design and leave an empty figure. Indeed, both courts engaged in infringement analyses after performing their constructions and neither found the patent invalid. *See* 597 F.3d at 1294-96; 610 F. Supp. 2d at 1051-52; *cf. Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988) (observing if the claimed design "is primarily functional rather than ornamental, the patent is invalid" (quoting *Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 238 (Fed. Cir. 1986))).

Relying on its reading of *Richardson*, Defendant identifies four primary components of the claimed design: 1) the clip; 2) the head lamp, containing the light and battery; 3) the on-off switch on the headlamp; and 4) the flexible wire. DEF.'S RESP. at 4-7. Defendant argues each component is primarily functional and contends they should be wholly factored out of the claim. *Id.* at 10-11.

"[T]he fact that [an] article of manufacture serves a function is a prerequisite of design patentability, not a defeat thereof." *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1460 (Fed. Cir. 1997). A design is only functional and invalid "when the appearance of the claimed design is 'dictated by' the use or purpose of the article." *L.A. Gear*, 988 F.2d at 1123. "If the particular design is essential to the use of the article, it can not be the subject of a design patent." *Id.* However, "[w]hen there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose." *Id.* Finally, "the utility of each of the various elements that compromise the design is not the relevant inquiry . . . . The elements of the design may indeed serve a purpose, but it is the ornamental aspect that is the basis of the design patent." *Id.*

Contrary to Defendant's reading of *Richardson*, nothing compels the Court to wholly "factor out" any element that serves a functional purpose. "An article of manufacture necessarily serves a utilitarian purpose." *L.A. Gear*, 988 F.2d at 1123. The utility of individual elements is irrelevant to the question of functionality, as it is the design in its entirety that provides the basis for the patent. *Id.* "When there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose." *Id.* While the identified components may have functions, they need not be excluded simply because they perform functions, *e.g.*, the clip need not be excluded because it fulfills the clipping function, and the same rationale applies to the other elements.[1]

Of course, where the overall design and configuration is dictated by the function, those aspects are not the subject of the patent. *See, e.g., Richardson*, 597 F.3d at 1294; *see also Bonito*

---

[1] The Court expresses no opinion as to whether the patented design incorporates functional elements. *See PHG Techs., LLC v. St. John Cos.*, 469 F.3d 1361, 1365 (2006) ("Whether a patented design is functional or ornamental is a question of fact").

*Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 148 (1989) (holding a patentable "design must present an aesthetically pleasing appearance that is not dictated by function alone"). Here, however, there is no evidence that the claimed configuration is the only configuration for a clip on book light. The relative locations of the elements are not necessarily dictated by the function of the article.

Having resolved the parties' functionality dispute, the Court finds the claimed design is best represented by the illustration contained in the patent. *See Egyptian Goddess*, 543 F.3d at 679. As this Court has observed in other design patent cases, "[t]o provide a detailed verbal description as Defendant solicits would entail a significant risk that the jury would place undue emphasis on particular features of the claimed designs or otherwise focus on distinct features rather than on the designs as a whole." *Dexas Int'l, Ltd. v. Office Max, Inc.*, No. 6:07-cv-396, 2009 U.S. Dist. LEXIS 6642, at *12 (E.D. Tex. Jan. 30, 2009). The Court may provide guidance on other issues of claim scope and figure interpretation when instructing the jury. *Egyptian Goddess*, 543 F.3d at 680.

## CONCLUSION

For the foregoing reasons, the Court adopts the following construction of the '322 Patent: "the design for a clip light as shown in Figure 1 of the patent."

**So ORDERED and SIGNED this 29th day of June, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE